**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KEROLLES HANI FAHIM GHALY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-616-G** |
| | ) | |
| **FRED FIGUEROA, Warden, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

**ORDER**

On March 26, 2026, Petitioner Kerolles Hani Fahim Ghaly, appearing through counsel, filed a Petition for Writ of Habeas Corpus (Doc. No. 1), challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. Certain Respondents filed an Answer (Doc. No. 11).[2] In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for preliminary review.

On June 11, 2026, Judge Mitchell issued a Report and Recommendation ("R. & R.," Doc. No. 12), recommending that the Petition be granted and Petitioner be released from custody. Respondents filed an Objection (Doc. No. 13) to the R. & R. Petitioner did not

---

[1] David J. Venturella, Acting Director of U.S. Immigration and Customs Enforcement, is hereby substituted as respondent for Todd Lyons pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] Respondent Figueroa has not appeared in this action. The appearing respondents are: Acting Director Venturella; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, Attorney General of the United States.

respond to Respondents' Objection.

Because Respondents objected to the R. & R., the Court must make a de novo determination of the portions of the R. & R. to which a specific objection has been made, and the Court may accept, modify, or reject the recommendation in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

*I. Background*

The factual background set forth in the R. & R. is not contested by either party. "Petitioner is a citizen of Egypt who entered the country on or about August 9, 2023." R. & R. at 2. On June 10, 2024, removal proceedings were initiated against Petitioner by the Department of Homeland Security through the issuance of a Notice to Appear. *Id*. Petitioner "conceded the factual allegations and charges of removability" and "indicated that voluntary departure would be sought as an alternative form of relief if necessary." *Id*. (internal quotation marks omitted). On July 23, 2024, Petitioner filed an Application for Asylum and Withholding of Removal. *Id*.

ICE took custody of Petitioner in November 2025, and he remains detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id*. at 3.

Petitioner argues that his ongoing detention without a bond hearing violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the due process rights afforded him by the Fifth Amendment. *See* Pet. ¶¶ 23-43.

*II. The Report and Recommendation*

Judge Mitchell concluded in relevant part that 8 U.S.C. § 1226(a), rather than § 8

U.S.C. 1225(b)(2)(A), governs Petitioner's detention because Petitioner was detained after residing in the United States for two years. *See* R. & R. at 4-7. Respondents object, asserting that Petitioner is properly detained pursuant to § 1225(b)(2)(A), on the ground that any noncitizen who has not been admitted is deemed an "'applicant for admission'" and is therefore subject to detention under § 1225 rather than § 1226(a). Resp'ts' Obj. at 2-3 (quoting 8 U.S.C. § 1225(a)(1)). Respondents further argue that the R. & R.'s interpretation of "seeking admission" under § 1225(b)(2)(A) "fails to give effect to the plain language of the statute and defies can[]ons of interpretation." *Id*. at 4.

Following the issuance of the R. & R. and the submission of Respondents' Objection, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' objection is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶¶ 14-20; *Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; *see* Pet. ¶¶ 21, 31,

40-42. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.[3]

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 12) is ADOPTED in relevant part.

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon violation of the INA.

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

3. Petitioner's remaining claim for relief is DISMISSED without prejudice; and

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 21st day of August, 2026.

CHARLES B. GOODWIN
United States District Judge

---

[3] Based upon this determination, the undersigned need not address Petitioner's Fifth Amendment due process claim. *See Pupo Socarras v. Figueroa*, No. CIV-26-571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026).